NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MICHAEL SECHYCHAK, ALSO KNOWN AS SCHEYNAC, PETITIONER, v. BRIDGMAN COMPANY, INCORPORATED, RESPONDENT.

**Injury to Employe's Back—Compensation Paid for Temporary and for Ten Per Cent. Total Permanent Disability—Claim for a Greater Payment for Permanent Disability—Petitioner Suffered Two Other Accidents Between the Time of the One in Question and the Making of the Claim for Additional Compensation—Several Witnesses Examined and Petition Dismissed.**

On determination of facts and findings.

For the petitioner, *William Herda Smith*.

For the respondent, *Harry E. Walburg*.

\*    \*    \*    \*    \*    \*    \*

2. It was stipulated between counsel of the respective parties that the respondent had paid to the petitioner $274.43 temporary compensation at the rate of $17 a week for sixteen and one-half weeks, and $850 as permanent compensation, based on ten per cent. of permanent total disability, and it was further stipulated that the only question to be determined was whether the petitioner was entitled to any additional permanent disability.

3. The petitioner testified that on January 14th, 1925, he was employed by the respondent as a laborer, and while he was attempting to put a long pipe on to a truck, he slipped and fell backwards, striking the ground, and the pipe fell upon him, and as a result thereof, he injured his back. He continued working for a few days, and then went to a Dr. Blain for treatment, and then to a Dr. Lowenstein. He was sent by Dr. Lowenstein to the City Hospital, Newark, where he was operated on for a right inguinal hernia and appendi-

citis, neither the hernia nor the appendicitis being attributed to the accident. After his discharge from the City Hospital he was treated by Dr. Lowenstein until some time in April or May, 1925. After leaving the treatment of Dr. Lowenstein he had pains in his back and was compelled to wear a belt around his abdomen to help support him. On April 5th, 1926, he had an accident at his home, 271 Sherman avenue, Newark, New Jersey, when he fell down a flight of twelve steps, in which he injured his forehead, his shoulder, his right side and jaw, but claimed that his back was not injured in any way. He was incapacitated as a result of this accident for about a month. On July 29th, 1926, he went to work for the Duratex Company of Newark, and after he had worked there a few days, he had an accident when he was pulling a can with a hook and the hook slipped and he fell forward against the can, injuring his breast.

4. Dr. Singer, a witness for the petitioner, testified that he examined the petitioner in July or August, 1926, which was after the second accident. At that time the petitioner was complaining of pain in his back and right shoulder and right chest. He examined the petitioner on the day of the hearing and testified that, in his opinion, the petitioner, as a result of the injury to his back, had sustained a twenty per cent. permanent total disability.

5. Dr. Furman, a witness for the respondent, testified that he examined the petitioner in February, 1925, and on July 9th, 1925, and at the later date the petitioner complained of pain of the sacro-illiac region, but there were no objective symptoms of injury, except that the petitioner had slight difficulty in bending forward.

6. Dr. Trainor, a witness for the defendant, testified that he examined the petitioner in July, 1926, and that the petitioner complained of injuries to his head, right shoulder, right side and jaw, but did not complain of any disability of the back, and the petitioner also told the doctor that he had had no previous accidents.

7. Dr. Vanderhoff, a witness for the respondent, testified that he treated the petitioner in July, 1926, for the accident

which the petitioner sustained at the Duratex plant. The petitioner complained of pains in his right chest, but made no complaint of the back injury. Dr. Vanderhoff had an X-ray taken of the petitioner's ribs in August, 1926, and the X-ray disclosed that the petitioner had an old fracture of the ninth rib, about two inches from the point where the rib joins the spine, and that, in his opinion, the fracture to the rib had occurred at least six weeks prior to the taking of the X-ray. He also testified that, in his opinion, when he discharged the petitioner in the latter part of August, 1926, the petitioner was not suffering from any permanent disability.

8. Dr. Brothers, a witness for the respondent, testified that he examined the petitioner in July, 1926, and that at that time he could not find any objective symptoms of injury to the petitioner, and that, in his opinion, the petitioner was not suffering from any permanent disability.

9. Doctors Brothers and Vanderhoff also testified that, in their opinion, no doctor could say, with any degree of certainty, whether or not the petitioner's back condition at the time of the hearing was due to the first or second accident, unless the doctor so testifying had seen the petitioner immediately after the first accident.

10. It appears from the evidence produced by the petitioner and the respondent that the petitioner had had two accidents in which he received injuries, subsequent to the injuries for which recovery is now sought. On April 6th, 1925, the petitioner fell backwards down a flight of twelve steps, and claims to have received injuries to his head, right shoulder, right side, and fracture of the jaw. In July, 1926, while employed by the Duratex Company, the petitioner received an injury to his right chest. The only physician produced by the petitioner did not see or examine the petitioner until after the second accident, and I am satisfied, from the proof produced by the respondent, that the petitioner's disability at the present time is not more than ten per cent. of total permanent disability. I also find that the petitioner has failed to prove that he sustained a disability of more than ten per cent. of permanent total as a result of the accident,

while employed by the respondent. From all of the testimony produced, I conclude that the respondent has paid to the petitioner all the compensation that is due him as a result of the accident which he sustained while in its employment on January 14th, 1925.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
Deputy Commissioner.